# CHARLESTON.

## ATWOOD *v.* DOLAN.

\* (HOLT, JUDGE, absent.)

Submitted September 5, 1890.—Decided December 16, 1890.

1. FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—SEPARATE ESTATE.

Although a husband, as the agent of his wife, contracts for the purchase of a tract of land, and the deed therefor, through mistake of the vendor, is made directly to the husband, and he pays no part of the purchase-money, but conveys it to a third party, who does pay the entire purchase-money for the same, for his said wife, if said purchase-money be either furnished to said third party by said wife, or be afterwards returned to said third party out of profits arising from the cultivation of her separate real estate, the husband being insolvent and having no means of his own, although he assisted in managing said separate real estate from which the money paid as aforesaid was derived, and his minor sons by their labor assisted in making said money from the products of said land, said deed under the circumstances is not fraudulent against the creditors of said husband, and said land can not be subjected to the payment of such creditors.

2. FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—SEPARATE ESTATE.

Where a third party purchased a tract of land, and paid a part of the purchase-money therefor, and directed the land to be conveyed to a trustee for the benefit of a married woman, and the evidence does not clearly disclose whether the rest of the purchase-money was paid by said third party or by said married woman out of profits arising from the cultivation of her separate real estate, which was managed by her husband, who was insolvent, and cultivated by his minor sons, even if the court should determine that said balance of the purchase-money was paid out of money to which said husband was entitled, and should direct said land to be sold to satisfy a judgment-lien against said husband, it would be error in the court in decreeing a distribution of the proceeds of the sale of said land to direct that the wife should have one thousand dollars out of said proceeds without interest except from the date of the confirmation of said sale, and the residue to be applied to said judgment-lien.

*J. L. Parkinson* and *G. E. Boyd* for appellants, cited:
84 Ala. 375; 44 N. Y. 348; 33 N. Y. 520; 34 N. Y. 297;

---

\*Case submitted before Judge Holt's appointment.

27 N. Y. 277 ; 49 Ind. 394 ; 33 Mo. 156 ; 11 Mich. 492 ; 90
Mass. 573 ; 118 Mass. 77 ; 17 Gratt. 503 ; 19 W. Va. 366 ;
32 Vt. 267 ; 33 Vt. 457 ; 44 N. Y. 348 ; 49 Ind. 394 ; 24 Ia.
585 ; 114 Mass. 525 ; 1 Head 306 ; 24 Cal. 98 ; 6 Allen 565 ;
16 Mass. 449 ; 39 Minn. 242 ; 55 Pa. St. 437 ; 84 Ala. 375 ;
52 Miss. 401 ; 16 Ohio St. 509 ; 17 Gratt. 503 ; 23 Wis. 305 ;
5 Munf. 86 ; 6 Leigh 335 ; 23 Wis. 301 ; 49 Ind. 394 ; 24
W. Va. 523.

*C. R. Oldham* and *H. M. Russell* for appellee, cited :
27 W. Va. 206 ; 10 W. Va. 87 ; 29 W. Va. 441 ; 94 U. S.
580 ; 31 W. Va. 94 ; 32 W. Va. 406 ; 11 W. Va. 122 ; 13
W. Va. 29 ; 19 W. Va. 78 ; 24 W. Va. 203 ; 27 W. Va.
206 ; 30 W. Va. 443 ; 25 W. Va. 127 ; 30 W. Va. 774 ; 2
Jo. Mtg. §§ 944, 948.

English, Judge :

On the 12th day of July, 1887, John W. Atwood and
others brought a suit in equity against John W. Dolan and
others to enforce a judgment-lien against certain real estate
therein alleged to be the property of said defendant John
W. Dolan. Said judgment was alleged to be for the
sum of one thousand ninety three dollars and ninety
two cents, and was obtained in the Circuit Court of Mar-
shall county, W. Va., on the 12th day of October, 1872,
and also for seventeen dollars and ninety two cents costs.
It was also alleged that on this judgment several executions
were issued and returned "No property," and on the 24th
day of January, 1873, said judgment was docketed in the
office of the clerk of the County Court of said county ; that
in and before the year 1869, and prior to the making of the
deeds therein mentioned, the said John W. Dolan was
largely indebted, not only to plaintiffs, but to various other
persons, and that many of the debts due by him at that
time have since remained unpaid, as has the judgment of
plaintiffs obtained as aforesaid ; that on the 17th of March,
1869, R. S. Howard and wife conveyed to said John W.
Dolan a tract of land containing forty three acres, two roods,
and fifteen poles, situated in said county of Marshall, but
the same was not admitted to record until August 23, 1880 ;

that the purpose of keeping the same off the records was to conceal the fact that the said land had been conveyed to the said John W. Dolan, in order that the creditors of the said John W. Dolan might be prevented from subjecting the said tract of land to the payment of their claims; that on the 25th day of November, 1889, two deeds were executed to Mary Banning, one made by said John W. Dolan and Elizabeth J. Dolan, his wife, to the said Mary Banning, whereby there was conveyed thirty five and a half acres of the tract of land described in the deed copied in Exhibit G, which was the forty three acres, two roods, and fifteen poles, above mentioned; the other made on said day by Joshua Burley and his wife to the said Mary Banning for fifty six acres and thirty two poles of land situate in Cameron township, in said county of Marshall, a copy of which is exhibited; that the said Mary Banning was and is the mother-in-law of the said John W. Dolan and the mother of said Elizabeth J. Dolan; and that the said Mary Banning was not, at the time said conveyances were made to her, possessed of any means or ability to purchase or pay for the said tracts of land.

The plaintiffs further charge that said tracts of land conveyed to her as aforesaid by the said Burley and wife were really paid for by said John W. Dolan, and that the said tract of land conveyed to the said Mary Banning as aforesaid by said John W. Dolan and wife was not paid for at all by said Mary Banning, and that the conveyance of the same to her and the procuring of the conveyance by the said Burley and wife to her were parts of the scheme on the part of the said John W. Dolan, in which he was joined by the said Mary Banning and Elizabeth J. Dolan, to delay, hinder and defraud his creditors, including the plaintiffs, and to cover up and secrete his property and so to conceal his interest in the said real property as to prevent the same from being subjected to the payment of the debts aforesaid; that in pursuance of this scheme a deed was afterwards made on the 16th day of September, 1875, by the said Mary Banning, whereby the said Mary Banning conveyed the two tracts of land aforesaid to J. C. Connelly, trustee, for the said Elizabeth J. Dolan, and this conveyance,

though executed in 1875, was concealed and was kept from
the records of Marshall county, until the 11th day of
August, 1880; that while said last-named deed recites a
consideration of love and affection, as well as the sum of
five dollars, yet in fact the said Mary Banning was never
the true owner of said property, and was never, therefore,
in a situation to be able honestly and properly to make a
gift of the same to her daughter, but in fact the true owner
of the said two tracts of lands was the said John W. Dolan,
and the conveyance of the same to a trustee for his wife
was another portion of said scheme to delay, hinder and
defraud his creditors.

The plaintiffs further allege, that on the 17th day of
April, 1882, a deed was made by John Parkinson and wife
to said Elizabeth J. Dolan for an expressed consideration of
nine hundred sixty six dollars and sixty cents, whereby
there was conveyed to the said Elizabeth J. Dolan a tract
of land in said county containing thirty one acres, three
roods and thirty two poles, which tract is particularly de-
scribed in a deed for the same, a certified copy of which is
exhibited with the said bill; that neither at the time when
the last-named conveyance was made to her, nor at any
time before or since, has the said Elizabeth J. Dolan been
the owner of any estate in her own right, or been the owner
of any means which would enable her to purchase such a
tract of land as is described in the last-named conveyance,
or any other land; and they aver that the consideration
for the said last-named tract of land came wholly from the
said John W. Dolan, and no part thereof from the said
Elizabeth J. Dolan; and that the conveyance of the same
to his said wife was another portion of the scheme to de-
lay, hinder and defraud his creditors, and avoid the pay-
ment of his debts, including that due the plaintiffs; and
that the said last-mentioned tract of land was rightfully the
property of the said John W. Dolan, so far as plaintiffs and
their creditors are concerned, and should, with the other
tracts hereinbefore mentioned, be taken and subjected to
the payment of his debts; that as well while the title to a
portion of said property was in the said Mary Banning as
since the same has been transferred to the said Connelly,

the said tracts of land mentioned above have been in the possession of said John W. Dolan, who has used and treated the same as his own, farmed the same for his own benefit, and taken the proceeds of the same for his own use, recognizing no right of ownership in the said Mary Banning; that since the conveyance of said tract of thirty one acres, three roods, and thirty two poles to said Elizabeth J. Dolan, the said John W. Dolan has treated the same in all respects as his own; that the said John W. Dolan has no real property in Marshall county or elsewhere, except the tracts of land before mentioned, and has had none other than those since before the year 1869, and that he has kept his personal property, of which he had considerable, so covered with liens as to make it impossible to have an execution satisfied during all this time; that the said John W. Dolan has notwithstanding been in apparently good circumstances, and has been, as plaintiffs allege and believe, earning and making out of said tracts of land and otherwise more than was needed for the support of his family, and much more than he expended in any way, which was obvious to those about him, and they aver that he has applied his gains and earnings in part to the purchase of the said several tracts of land.

They further allege that on the 13th day of August, 1881, the said J. C. Connelly, Elizabeth J. Dolan, and John W. Dolan united in a deed of trust whereby they conveyed the said two tracts of land mentioned as having been conveyed to said Connelly, trustee, to Thomas Collins, as trustee in trust to secure the payment to William Collins of a note of five hundred dollars dated August 13, 1881, payable two years after date; that some time after the execution of said deed of trust the said Thomas J. Collins died, and no trustee has been appointed in his place—a certified copy of which deed of trust was filed with the bill; and plaintiffs aver that they are informed and believe that the said note secured by said deed of trust has been paid off and discharged, but that said deed of trust has not been released, or, at any rate, no release has been placed on record; that on the 21st day of June, 1886, the said James C. Connelly, trustee, and Elizabeth J. Dolan made a deed of trust to

Richard Allen, conveying the same two tracts of land, in trust, to secure to John Allen the payment of a note dated June 21, 1886, and payable one year after date, for one thousand and one hundred dollars, a copy of which deed of trust was exhibited with the bill; and they aver that they are informed and believe the note secured by the last-mentioned deed of trust has been paid, but no release of said deed of trust has been entered of record.

They also aver that they do not know whether, if at all, the parties to said last-mentioned two deeds of trust had notice of the facts therein before set forth, relating to the title to said real property, nor to what extent, therefore, such parties would be entitled to enforce their liens in preference to plaintiffs if it should turn out that they are mistaken in supposing that the said liens have been paid off and discharged. They aver that there are no other liens upon said real property, or any of it, than these therein before set forth; and they aver that the said Mary Banning and Elizabeth J. Dolan were fully cognizant of the facts therein set forth with reference to the indebtedness of the said John W. Dolan at the time when the said conveyances to which they were parties were made; and *they aver* that the said Mary Banning and Elizabeth J. Dolan conspired with the said John W. Dolan in making and causing to be made the said conveyances to delay, hinder, and defraud the plaintiffs and other creditors of the said John W. Dolan.

They pray that said real estate may be decreed to be the property of the said John W. Dolan, so far as their claim and judgment are concerned, and that the said tracts of land, or so much thereof as may be necessary, may be subject to sale, and the proceeds applied to the payment of their said judgment.

On the 25th day of October, 1887, the defendants John W. Dolan and Elizabeth J. Dolan filed their joint and several answers to the plaintiffs' bill, and admit that plaintiffs obtained the judgment described in the bill against John W. Dolan. They also admit that John W. Dolan purchased forty three acres, two roods, and fifteen poles of land from R. G. Howard, but aver that, finding himself unable

to pay for the same, or any part of it, he was compelled to convey said land to Mary Banning, so that she could borrow money on it, and pay said R. G. Howard. They deny that he kept the deed from said Howard off the records to conceal the fact that said land had been conveyed to him, in order that the creditors might be prevented from subjecting the said tract of land to the payment of their claims; and they deny that said Mary Banning was not at the time when the said conveyances were made to her possessed of any means or ability to purchase or pay for said tracts of land.

They also deny that the tract of land conveyed to her by said Burley and wife was really paid for by John W. Dolan, and that the tract of land conveyed to the said Mary Banning as aforesaid by the said John W. Dolan and wife was not paid for at all by the said Mary Banning; on the contrary they aver the land conveyed to Mary Banning by Burley and wife was paid for by means and money belonging to Susanna Moore, the mother of John W. Dolan, and she had it conveyed to Mary Banning to prevent said John W. Dolan from having any power to sell and dispose of it, said Susanna then being married to a second husband, Ezekiel Moore, and desiring said respondent Elizabeth J. Dolan and her children to have the property at her death; and because she, the mother of John W. Dolan, after the death of her husband, Moore, expected to make her home with said Elizabeth J. Dolan, and to save the property, and protect it as well from her husband, Moore, as from said respondent John W. Dolan, she, Susanna Moore, had it conveyed to Mary Banning. They aver that respondent John W. Dolan had not then, and never had, one dollar in the said land. Respondents also denied that the conveyance of the same to Mary Banning and the procuring of conveyance by said Burley and wife to her were parts of a scheme on the part of John W. Dolan, in which he was joined by the said Mary Banning and Elizabeth J. Dolan, to delay, hinder, and defraud the creditors of the said John W. Dolan, including the plaintiffs, and to cover up and secrete the property of the said John W. Dolan, and so to conceal his interests in the said real property as to prevent the

72

same from being subjected to the payment of the debts aforesaid.

As to the thirty one acres, three roods, and thirty two poles of land, they say it was conveyed to Elizabeth J. Dolan by John Parkinson for nine hundred sixty six dollars and sixty cents, but that the money to pay for the same was borrowed from John Allen and William Collins by Elizabeth J. Dolan, and to pay other debts she owed on the land she now owns, and that she never has been able to pay anything more than the interest on said debt to Collins and Allen, and that the whole of the purchase-money for the thirty one acres, three roods, and thirty two poles is still unpaid, and that John W. Dolan never had one cent in the lands now owned by respondent, Elizabeth J. Dolan.

Respondent, Elizabeth J. Dolan, says that she was the owner of the land purchased from Joshua Burley and wife, and paid for by Susanna Moore, and given to her and her children upon condition that she would support said Susanna, and take care of her during her lifetime, which said respondent did in good faith; that she was also the owner of the Howard land, which her mother had paid for, and had also given her upon condition that she would support and take care of her, the said Mary Banning, during her life; that she was also to pay off, in addition to said support, some money her mother, Mary Banning, had borrowed to pay out on the land.

In short, they deny every material allegation contained in the plaintiff's bill.

Samuel Riggs and W. J. Burley, executors of the will of William Collins, deceased, also answered said bill, in which they state that nothing has ever been paid on said five hundred dollar debt borrowed to pay on the land mentioned in the deed of trust marked as "Exhibit M" with the bill, but the interest on the same up to August, 1887; and they deny any knowledge of any scheme to defraud the plaintiffs. Said Mary Banning and J. C. Connelly also answered said bill, in which they deny the allegation that Mary Banning was not at the time when said conveyances were made to her possessed of any means or ability to purchase or pay for the said tracts of land. They also deny that the tract

of land conveyed to her by Burley and wife was really paid for by John W. Dolan, and they deny that the tract of land conveyed to her by John W. Dolan and wife was not paid for by said Mary Banning; and they deny that the conveyances of the same to her were parts of a scheme on the part of said John W. Dolan, in which he was joined by said Mary Banning and Elizabeth J. Dolan, to delay, hinder and defraud the creditors of said John W. Dolan, including the plaintiffs, and so to cover up and secrete the property of the said John W. Dolan, and so to conceal the interest of said John W. Dolan in said real property, as to prevent the same from being subjected to the payment of the debts aforesaid; or that, in pursuance of said scheme, a deed was afterwards made on the 14th day of December, 1875, by said Mary Banning to J. C. Connelly, trustee *etc.*; but allege on the contrary that said deeds were made to enable Elizabeth J. Dolan to raise money to pay the purchase-money for the property. They deny that "the deed was cancelled," or that the said Mary Banning never was the true owner of said property, or that she was not able honestly and properly to make gift of the same to her daughter, or that John W. Dolan was the true owner of the land, or that the conveyance of the land to a trustee for his wife was another portion of said scheme to delay, hinder and defraud his creditors, or that John W. Dolan used and treated the property as his own, while the title to the portion of it was in Mary Banning, or that John W. Dolan recognized no right of ownership in the said Mary Banning, or that the said Mary Banning and Elizabeth J. Dolan were fully cognizant of the fact set forth in the bill in reference to the indebtedness of said John W. Dolan; and they deny that the said Mary Banning and Elizabeth J. Dolan conspired with John W. Dolan in making and causing to be made the said conveyances to delay, hinder and defraud the plaintiffs and creditors of said John W. Dolan, and aver that, on the contrary, said conveyances were made in good faith, to enable Elizabeth J. Dolan to borrow money to pay for her property.

John Allen and Richard Allen also answered said bill, and stated that John Allen loaned the defendant Elizabeth

J. Dolan one thousand one hundred dollars, mentioned in the note of June 21, 1886, to pay for the real estate described in deed of trust, Exhibit N ; that said land was purchased by said Elizabeth J. Dolan, and respondent John Allen furnished her the money to pay for it, and took a deed of trust on the property to secure the payment with Richard Allen as trustee ; that the money was loaned in good faith ; and he denies that the judgment of plaintiffs is in any way a lien on said land ; and they deny that said debt has been paid off and cancelled, but say the entire principal remains unpaid, but that the interest has been paid to June, 1887. They deny that John W. Dolan is the owner of said land, or that the plaintiffs' judgment is a lien on it, and they deny any knowledge of any scheme to hinder and delay the creditors of said John W. Dolan.

On the 16th day of November, 1888, the court referred the cause to a commissioner to ascertain and report—(1) How much money was paid by Mrs. Banning, if any, and upon which tract of land. (2) How much money, if any, was paid by Mrs. Moore and on what tract of land. (3) What liens upon the various tracts of land, together with their amounts and priorities ; and also the liens upon the personal property. (4) What was the value of the several tracts of land and of the personal property. (5) What was the annual rental value of the several tracts of land, and the annual rental value of the share or interest therein of Elizabeth J. Dolan.

In pursuance of said requirements the commissioner reported—(1) No money was paid by Mrs. Banning upon any tract of land in said decree referred to. (2) One thousand dollars was paid by Mrs. Moore on the fifty six acre tract of land bought of Joshua Burley and wife, about the time of said purchase. (3) There was a lien of William Collins by deed of trust made by E. J. Dolan *et al.* to Thomas J. Collins, trustee, dated the 13th day of August, 1881, and recorded on the fifty six-acre tract of land and the thirty four-acre tract, which last tract is the remnant of the Howard purchase, to secure the payment of a note to William Collins or order ; said note calling for five hundred dollars principal, and there being the whole amount of

the principal and fifteen dollars interest due on said note on the 4th day of March, 1889. Said deed has not been released, but Mrs. Dolan testifies without contradiction that the debt is paid, so far as Collins is concerned ; that she borrowed the money from her son Charles Dolan, to wit, five hundred dollars, to pay Collins ; and that her son took the Collins note, secured as above-described, for the payment of the five hundred dollars to him, said C. Dolan, the note passing through her hands, as given by Collins to her, and by her to her son. It is not shown whether said note was assigned by said William Collins by indorsement or otherwise, nor whether said Charles Dolan knew of any of the matters involved in this case.

Said commissioner reports that said C. Dolan is subrogated to the rights of the beneficiary in said deed of trust ; and that, if there is such subrogation, this lien is first in priority upon the tracts of land above described ; that second in point of priority on the above-described lands he reported the lien of John Allen, by deed of trust made by J. W. Dolan, E. Connelly, trustee for E. J. Dolan, to Richard Allen, dated the 21st day of June, 1886, and duly recorded, to secure the payment of one thousand one hundred dollars principal and one year's interest, sixty six dollars, to the 4th of March, 1889. The commissioner expresses some doubts as to whether this is the deed of Mrs. E. J. Dolan, because her name does not appear on the face of the deed as grantor, although she signs, seals, and acknowledges, (citing *Laughlin* v. *Fream*, 14 W. Va. 322 ; Tuck. Bl. Comm. bk. 2, p. 234 ; and *Adams* v. *Medsker*, 25 W. Va. 131) ; but whether she is or not the commissioner finds, under the principles enunciated in *Penn* v. *Whitehead*, 18 Gratt. 530, that this is a debt entitled to priority over the plaintiffs' judgment ; that third in point of priority on the lands above mentioned, and first in point of priority on the thirty one-acre tract of land conveyed by John Parkinson and wife to E. J. Dolan, he finds the judgment of the plaintiffs, J. W. Atwood and others, in the bill described. He also finds three liens by deed of trust on the personal property on the J. W. Dolan farm, although he has no information as to how much of said property is covered by

any two or more of said deeds of trust; and he reports from the tenor of the evidence before him that all of these trusts on the personal estate were paid off; that the value of the fifty six acres and thirty two poles tract is forty three dollars per acre, aggregating two thousand four hundred sixteen dollars and sixty cents; that the value of the thirty four-acre tract—that is, the remnant of the land conveyed by R. C. Howard and wife to S. W. Dolan—is thirty dollars per acre, that is, one thousand one hundred and twenty dollars; that the value of the remaining tract of thirty one acres, three roods, and thirty two perches, conveyed by John Parkinson and wife to E. J. Dolan, is thirty dollars per acre; that is, nine hundred fifty eight dollars and fifty cents; that as a whole the tracts would be worth thirty six dollars per acre, or four thousand three hundred ninety five dollars and ten cents, and the personal property is worth five hundred dollars; that the annual rental value of the fifty six-acre tract would be eighty four dollars; of thirty four-acre tract, thirty four dollars; of the thirty two acres (nearly) thirty two dollars; that if Mrs. E. J. Dolan be permitted to hold her share of the nine hundred dollars worth of improvements on the fifty six-acre tract corresponding to the proportion of the whole purchase-money which was paid into the fifty six-acre tract of land for her by Mrs. Moore (1000–1531) her part of this place would rent for fifty four dollars and eighty seven cents *per annum;* if not, her share would stand in the proportion of one thousand to two thousand four hundred and thirty one, which would only entitle her to receive for her share of the rent of this fifty six-acre tract of land thirty four dollars and fifty five cents *per annum;* and he reports that she is entitled to her proper proportion of said improvements as before stated.

The plaintiffs excepted to said commissioner's report—*First,* because a lien of five hundred dollars principal and fifteen dollars interest secured by deed of trust was reported in favor of C. Dolan as first in priority, when said commissioner should have reported no lien at all in favor of C. Dolan; *second,* because a lien is reported second in priority in favor of John Allen for one thousand dollars principal

and sixty six dollars interest, when it appears from the deed of trust that E. J. Dolan was not a party to said deed of trust; *third*, because said commissioner reports that Mrs. E. J. Dolan is entitled to hold a share in the nine hundred dollars worth of improvements comprising her share in the real estate.

The defendants also excepted to said report—*First* because it does not find that Mrs. Susanna Moore paid the whole of the purchase-money on the fifty six-acre tract of land bought of Joshua Burley and wife. *Second,* because it finds that, third in point of priority in the lands described, and first in point of priority of any presented or discovered by said commissioner on the thirty one acre tract of land conveyed by John Parkinson and wife to E. J. Dolan, was the judgment of the plaintiffs; the defendants claiming that said judgment is no lien upon any of the real estate now owned by Mrs. E. J. Dolan; *third*, because the commissioner reports that "if Mrs. Dolan be permitted to hold her share of the nine hundred dollars worth of improvements on the fifty six-acre tract corresponding to the proportion of the whole purchase-money which was paid into the fifty-acre tract of land for her by Mrs. Moore, one thousand-one thousand five hundred thirty one, her part of this place would rent for fifty four dollars and eighty seven cents," the defendants claiming that the whole of the fifty six-acre tract of land belongs to Mrs. Moore, as well as all the rents, issues, and profits; *Fourth,* because the commissioner reported that if not, her share would stand in the proportion of one thousand to two thousand four hundred and thirty one, which would only entitle her to receive for her share of the rent of this fifty six-acre tract of land thirty four dollars and fifty five cents *per annum*. The defendants claim, as above, that Mrs. E. J. Dolan is entitled to the whole of it, and that the plaintiffs' judgment is no lien whatever on any portion of the property.

Numerous depositions were taken in the cause by both plaintiffs and defendants, and on the 4th day of May, 1889, the court decreed that the first, second, and third of said exceptions filed by the plaintiffs to the report of said commis-

sioner be sustained, and that all of the exceptions filed by the said defendants be overruled, and that the report, as modified by the sustaining of the said exceptions of the plaintiffs, was confirmed. The court also decreed that the plaintiffs' judgment, with its accrued interest, amounting to two thousand one hundred eighty dollars and eighteen cents, and seventeen dollars and ninety two cents costs, was the only lien upon the thirty four-acre tract; the same being the remnant of the Howard tract. That Elizabeth J. Dolan was entitled as her separate property to one thousand dollars paid by Mrs. Moore in part payment of the purchase-money of the tract of land described in said report as the "fifty six-acre Tract," and that inasmuch as she had enjoyed possession of said land, and the rents and profits thereof, she was not entitled to interest on the said one thousand dollars, except from such time as the sale therein directed to be made should be confirmed; and that the liens upon said tract of land were, first in order of priority, the sum of one thousand dollars in favor of said Elizabeth J. Dolan; second, the lien of the judgment of plaintiffs for the said sum of two thousand one hundred eighty dollars and eighteen cents, with interest from the date of said decree, and seventeen dollars and ninety two cents costs; and, it appearing that the rents and profits of said lands would not pay off said lien of the plaintiffs in five years, proceeded to direct that, unless said judgment, interest, and costs be paid the plaintiffs in thirty days from the date of said decree, a commissioner therein appointed, upon the terms therein indicated, should make sale of said thirty four-acre tract, also said fifty six-acre tract, offering first the said thirty four-acre tract, and, if that did not produce a sufficient amount to pay said judgment, interest, and costs, then to proceed to sell said fifty six-acre tract; and also directing a commissioner to publish the notice to lienholders, as provided by the Code, c. 139, s. 7. From this decree the appellants applied for and obtained this appeal.

The first error assigned by the appellants is that the court, in said decree of May 4, 1889, decrees said Elizabeth J. Dolan the payment of one thousand dollars (which was invested in said fifty six-acre tract) but denies her any inter-

est thereon, or any share in the rents and profits of the lands. The court, in this decree, seems to excuse its action by stating that the said Elizabeth J. Dolan had had the use and enjoyment of said land. It is true, she had lived upon the land; but, even if the court was correct in saying that she should be charged with a portion of said rents, issues and profits, can the court, in the absence of any evidence, assume that the interest upon said one thousand dollars was equal to and should extinguish the interest on said sum? The rents, issues, and profits might have been of greater or less value than said interest, or have amounted to more or less; but I can not think the court had a right, in the absence of any *data* or evidence upon the question, to offset one by the other. Again, how does the court ascertain that the defendant Elizabeth J. Dolan was entitled to the sum of only one thousand dollars out of the proceeds of said fifty six-acre tract of land. It may be true that Mrs. Moore paid only that sum for her towards the purchase-money of said tract, and that the remaining five hundred and thirty one dollars was paid by John W. Dolan, or out of funds that he was entitled to; but, if that was true, how could the court properly determine that the defendant Elizabeth J. Dolan would be entitled to only one thousand dollars, no more and no less? By paying that amount she became a joint owner with whatever party paid the five hundred and thirty one dollars, and was clearly entitled to the proceeds in that proportion. If she paid the entire one thousand five hundred and thirty one dollars, she was entitled to the whole of the land, and the entire proceeds, if the court had any right to sell it; and whatever sum said land brought she would be entitled to share in the proceeds in the proportion of one thousand dollars to five hundred and thirty one dollars; and the court had no right to arbitrarily fix her interest in said land at one thousand dollars when the amount of her share depended entirely upon the amount realized by the sale, and might greatly exceed that amount or might be less. ·

The claim asserted by the plaintiffs in this case, which they must sustain if they succeed in subjecting the real estate described in their bill to the payment of their

judgment, is that said real estate was the property of the defendant, John W. Dolan, and not the property of his wife, Elizabeth J. Dolan. The fifty six-acre tract purchased, on which the defendant John W. Dolan and his wife and children took up their residence. This tract appears to have been paid for by Mrs. Susanna Moore, the mother of the defendant John W. Dolan, and at her instance it was conveyed to Mary Banning, the mother of Elizabeth J. Dolan. This provision seems to have been made by Mrs. Moore, who had an improvident husband, in order that she might have a home with the Dolan family; and it was a part of the consideration for said payment, that she was to have a home and support in their family, should she demand it. This purchase and payment was made between 1865 and 1869. The deed was made from Burley and wife to Mary Banning on the 25th day of November, 1869, and the receipt of the purchase-money, one thousand five hundred and thirty one dollars, was acknowledged on the face of the deed. This money both J. W. Dolan and E. J. Dolan state was paid by Susanna Moore.

The judgment of the plaintiffs was obtained on the 12th day of October, 1872, and was docketed on the 24th day of January, 1873. As to the forty three acres, two roods, and fifteen poles of land, which was conveyed by R. G. Howard and wife to John W. Dolan, it appears that said deed bears date on the 17th day of March, 1869, and said R. G. Howard appears to have acknowledged the deed in Marshall county, W. Va., while his wife acknowledged the same in Blackford county, Ind., and the same does not appear to have been admitted to record until August 23, 1880, but it does appear that said John W. Dolan and wife made a deed for said land to Mary Banning on the 25th day of November, 1869, which was placed on the record the next day. At that time there was no judgment-lien in favor of the plaintiffs, and no suit brought or threatened, and the judgment was not obtained until three years afterwards; and, although the title to said tract passed into said John W. Dolan, no lien attached, for the reason that there was no judgment in favor of plaintiffs against him at that time; and although the legal title vested for a short time in him he paid none

of the purchase-money, and was compelled to convey it to Mrs. Banning, who did in some manner raise the money, and pay for the same. John W. Dolan says in his deposition he was able to pay no portion of the purchase-money; that the deed was made to him by mistake, and was intended to have been made to Mary Banning, who paid the purchase-money; and the fact that said deed was acknowledged by the wife of said Howard in the state of Indiana tends to confirm his statement; and it appears that said John W. Dolan was the mere conduit, through whom the title passed to Mrs. Banning, and he made the conveyance to avoid the expense and trouble of sending again to Indiana to get the title from Howard and wife. While it is true this conveyance was made to John W. Dolan, as he says, through mistake, yet, if he had made the contract for its purchase, it is held in *Hamilton* v. *Steele*, 22 W. Va. 348, that when a title-bond for land is executed by the vendor of land to the husband, and the consideration is paid by the husband, as the agent of his wife, directly from the proceeds of the sale of his wife's separate estate and timber taken from the land, the husband being insolvent, such deed is not fraudulent, and the land is not liable to the debts of the husband.

On the 16th day of September, 1875, Mary Banning conveyed said Howard tract, less eight acres and fourteen poles, which had been conveyed to John Parkinson by deed dated June 1, 1869, and said fifty six-acre tract to J. C. Connelly, trustee for the said Elizabeth J. Dolan. On the 13th day of August, 1881, J. C. Connelly, as such trustee, Elizabeth J. Dolan, and John W. Dolan gave a deed of trust on said two tracts of land to secure to William Collins a note for five hundred dollars, bearing even date therewith, on the face of which note said E. J. Dolan charged her separate estate with the payment thereof; and on the 21st day of June, 1886, James Connelly, trustee for Elizabeth J. Dolan, and John W. Dolan united in a deed of trust to Richard Allen, trustee, on said fifty six-acre tract and said thirty four-acre tract to secure the payment of a note for one thousand one hundred dollars, bearing even date therewith, signed by James Connelly, trustee, Eliza-

beth J. Dolan, and J. W. Dolan, and charging her separate estate on the face of said note, which note was payable to John Allen; and said deed was signed and sealed by said Elizabeth J. Dolan.

It is in regard to this deed that the commissioner expressed some doubt as to whether it was the property of Elizabeth J. Dolan, because her name does not appear in the body of the deed; but I do not regard this material, under the circumstances, as the legal title was in the trustee, James C. Connelly, who, as trustee, appears to be one of the grantors, and Mrs. E. J. Dolan approves and ratifies and assents to his act by signing and acknowledging the deed. This money was borrowed to pay for the thirty one-acre tract, and the evidence is that it never has been repaid.

The real estate which it is sought to subject in this suit to the lien of the judgment so far as it has been paid for, appears to have been paid for by Mrs. Banning and Mrs. Moore. The only property owned or claimed by John W. Dolan when the family came to West Virginia was a mare worth twenty five dollars, and two cows. What little credit said J. W. Dolan afterwards acquired was deprived principally from the fact that he was considered honest, and would pay back what he borrowed, and also from the fact that he was managing the farm. This was stated by the witness Pipes. The allegation of the plaintiffs' bill is that this real estate was paid for by the defendant John W. Dolan, and that the property was conveyed to Mrs. Banning in order to avoid the payment of the plaintiffs' claim, and that the purchase-money was really paid by John W. Dolan or his wife. Now, in regard to the fifty six-acre tract paid for by Mrs. Moore, the burden of proof does not rest upon Mrs. Moore or on Mrs. Dolan to show how and in what manner it was paid, as is the case where property is conveyed directly to a married woman, but the burden of proof is on the plaintiffs to show that Mrs. Moore did not pay said purchase-money, and the same rule applies as to the payment by Mrs. Banning for the Howard tract.

In order that the plaintiffs should succeed in enforcing

their judgment-lien against any of this real estate it was incumbent upon them to show that the property was purchased by John W. Dolan, or with his money. The evidence shows that he was acting as the agent for his wife in the management of her farm, and that he had no property; and in his deposition he states that he had been afflicted for the last thirty years, sometimes very seriously, and that at times for six weeks he could not dress himself, and that he had not gone out to do a day's work for twenty years; and the witnesses J. L. Dolan, William Fletcher, J. A. Connelly, William Darr, Robert Winters, and J. B. Hicks concur in stating that he had no personal property. It appears, however, that said John W. Dolan and E. J. Dolan had seven sons; that she had the use and occupation of these two tracts of land, aggregating one hundred acres, which she managed and cultivated while the title was held by Mrs. Banning as a trustee for her; and the question is whether if, by industry and prudent management, assisted by the labor of her sons and the agency of her invalid husband, she did manage to derive profits therefrom which were applied in payment in whole or in part for either of these tracts of land, were said lands, or any portion thereof, thereby rendered liable for the payment of the debts or judgments against said John W. Dolan?

In the case of *Penn* v. *Whitehead*, 17 Gratt. 504, it was held that "a married woman having a separate estate may engage in trade with the consent of her husband, and may, to the entent of her power over it, subject her estate to the payment of the debts, and she will be entitled to the profits of the trade as against her husband and his creditors, to the extent at least to which such profits may not be due to the labor, skill, capital, or credit furnished by her husband." Under section 3 of chapter 66 of the Code "any married woman may take by inheritance, or by gift, grant or devise or bequest, from any person other than her husband, and hold to her sole and separate use, and convey, and devise, real and personal property and any interest or estate therein, and the rents, issues, and profits thereof, in the same manner and with like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor be

liable for his debts." We also find, in Bump on Fraudulent Conveyances, 252, in speaking of the wife's earnings, the author says: "If he (speaking of the husband) allows her to labor upon real estate owned by her, this will not render the products liable to levy under an execution against him." See *Johnson* v. *Vail*, 14 N. J. Eq. 423. Also in the case of *Miller* v. *Peck*, 18 W. Va. 75, it was held by this Court: "A married woman, having personal property, which she is allowed to hold by the statute as her separate property, may barter and trade with reference thereto through her husband as her agent, and will be entitled to the increase thereof though living with her husband." * * * "Although the husband may have given his own labor in such barter and trade, and used the labor of his horse therein, in the absence of the fraud of the wife this does not change the character of the property, and the property is not liable for the debts of the husband."

If anything was paid on either of these tracts of land by John W. Dolan or by Elizabeth J. Dolan it is evident that it was paid from profits derived from the cultivation of the same, or from stock raised thereon and sold by said J. W. Dolan as the agent of his wife. Wells, on the Separate Property of Married Women, p. 169, § 113, says: "But suppose the products of land result from the labor of the husband on it, to whom do they belong? It is the settled doctrine in most of the states that they belong to the wife, who ' ought not to be held to have lost all her rights in the products of the farm merely because she has employed her husband to work upon it, and because his services have contributed to the accumulations.' No interest in her separate estate can be acquired either by the husband or his creditors through his services as managing agent, nor is her title impaired by applying an indefinite portion of the income to his support, for, while the law does not require her to support him, neither does it prohibit this as a wrong or a fraud." See *Feller* v. *Alden*, 23 Wis. 305; *Buckley* v. *Wells*, 33 N. Y. 520.

In this case the wife's skill and labor were contributed towards the cultivation and management of the farm; and in *Bailey* v. *Gardner* (W. Va.) 5 S. E. Rep. 636, this Court

held that the earnings of the wife were his, and subject to the payment of his debts. This is the law of this State where the wife's labor and skill is not applied to her separate estate, but such is not, and ought not to be, the law where such labor and skill is applied to her separate estate. The evidence in this case discloses that the husband was afflicted with disease, and did little or nothing towards the support of his family or cultivation of his farm; but he had seven sons, who did contribute without objection of the father, and he asserts no claim to the avails of their labor, and must be considered to have released to his said sons all claim to their services; and the creditor can not subject the proceeds of their labor, if they see proper to bestow it upon the separate property of their mother, to the payment of their debts. In the case of *Penn* v. *Whitehead*, 17 Gratt. 504, the court held that "an infant may be a partner, and his father, though indebted and insolvent, may release to his son all claim to his services, and the consent of the father to the son's becoming a partner is a release of his services." How much more they earned than it took to support them and provide for their wants and necessities does not appear, and, if it did, I do not consider said surplus liable for their father's debts under the circumstances of this case.

As to the tract of thirty one acres, the money was borrowed by creating liens on the other tracts to pay for it, and no part of it has been paid, and I do not think it liable for the payment of the plaintiffs' judgment. All of this land, then, that has been paid for was either paid for by Mrs. Moore, Mrs. Banning, or profits arising from the cultivation of this land held by trustees for the benefit of Elizabeth J. Dolan; and, looking at the entire circumstances of the case in the light of the rulings of this Court and the law bearing upon the questions involved, my conclusion is that the decree complained of must be reversed, and this Court proceeding to render such decree as the court below should have rendered, it is ordered, adjudged, and decreed that the plaintiffs' bill be dismissed, with costs, and the appellees must pay the costs of this appeal.

DISMISSED.